UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL LOPEZ,

                Plaintiff,

        -v.-

MIZMOR 91 LLC et al.,

                Defendants.

24 Civ. 02635 (JHR) (RWL)

ORDER ADOPTING REPORT & RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

      Plaintiff Samuel Lopez brought this action against Defendants Mizmor 91 LLC and Kabbo Pizza and Fried Chiken Inc. for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 1281 *et seq.* (the "ADA"). Plaintiff seeks an order directing Defendants to remove physical barriers to access at a restaurant known as Kennedy Chicken and Pizza, located at 2409 2nd Avenue, New York, New York (the "Restaurant"), and awarding Plaintiff attorneys' fees and costs incurred in bringing this action. On June 25, 2025, the Court entered a default judgment against Defendants and referred the matter to Magistrate Judge Robert W. Lehrburger for an inquest as to damages. *See* ECF Nos. 32-33.

      Before the Court is the Report and Recommendation of Judge Lehrburger dated July 29, 2025, recommending that the Court enter judgment against Defendants as follows: "(1) requiring that (i) Defendants submit to Plaintiff's counsel an architectural plan that remedies the Restaurant's entrance barriers within 90 days of the date of the Court's entry of judgment; (ii) Plaintiff have 30 days from receipt of Defendants' plan to consent or to seek further relief from the Court; and (iii) Defendants make the necessary alterations within 60 days of Plaintiff's consent or any ruling on Plaintiff's request for further relief; (2) providing Plaintiff 180 days after the Court's entry of judgment to file a motion to tax costs and award reasonable attorney's fees, supported by a suitable attorney's declaration, a copy of fee statements/billing entries, and

receipts for costs; (3) directing Plaintiff to file a letter on the docket within two weeks of entry of judgment stating whether Plaintiff intends to pursue his ADA claim relating to the Restaurant's service counter;[1] and (4) denying Plaintiff's requests for post-dated checks and closing of the Restaurant pending remediation." ECF No. 35 (R&R) at 13. The Report and Recommendation notified the parties that they had "fourteen (14) days to file written objections." *Id.* at 14. The Report also cautioned that **"[f]ailure to file timely objections w[ould] result in a waiver of the right to object and w[ould] preclude appellate appeal**." *Id.* (emphasis in original). No party filed objections to the Report. For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety.

## DISCUSSION[2]

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a

---

[1] Pursuant to this directive, on August 14, 2025, Plaintiff filed a letter stating that he intends "to continue the litigation for the remediation of the service counter . . . and anticipates filing an [a]mendment of pleadings." ECF No. 37.

[2] The Court incorporates by reference the factual summary provided in the Report and Recommendation. *See* R&R at 1-2.

mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of the right to object" and would "preclude appellate review," R&R at 14, Defendants did not file any objections to the Report and Recommendation. Thus, Defendants waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Report and Recommendation is adopted in its entirety. It is hereby ORDERED that (i) within **90 days** of the date of the Court's entry of judgment, Defendants shall submit to Plaintiff's counsel an architectural plan that remedies the Restaurant's entrance barriers; (ii) within **30 days** from receipt of Defendants' plan, Plaintiff shall consent to the plan or seek further relief from the Court; and (iii) within **60 days** of Plaintiff's consent or any ruling on Plaintiff's request for further relief, Defendants shall make the necessary alterations.

It is further ORDERED that, within **180 days** after the Court's entry of judgment, Plaintiff shall file a motion to tax costs and award reasonable attorneys' fees, supported by a suitable attorney's declaration, a copy of fee statements/billing entries, and receipts for costs.

It is further ORDERED that Plaintiff's requests for post-dated checks and closing of the Defendants' restaurant pending remediation are DENIED.

By **October 13, 2025**, Plaintiff shall serve this Order upon each Defendant and file proof of service on the docket.

The Clerk of Court is directed to enter a default judgment consistent with the rulings herein. In light of Plaintiff's intention to file amended pleadings "to continue the litigation for the remediation of the service counter," ECF No. 37, this case shall remain open.

SO ORDERED.

Dated: October 6, 2025
       New York, New York

                                                                   JENNIFER H. REARDEN
                                                                   United States District Judge