UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL LOPEZ,

Plaintiff,

-v.-

MIZMOR 91 LLC, et al.

Defendants.

24 Civ. 2635 (JHR)

ORDER ADOPTING REPORT & RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Samuel Lopez brought this action against Defendants Mizmor 91 LLC and Kabbo Pizza and Fried Chiken Inc. for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 1281 *et seq.* (the "ADA"). Before the Court is the Report and Recommendation of Magistrate Judge Robert W. Lehrburger dated March 18, 2026, recommending that the Court award attorneys' fees in the amount of $6,912.50 and costs in the amount of $405. ECF No. 44 (R&R) at 5. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court adopts the Report and Recommendation in its entirety.

## BACKGROUND[1]

On June 25, 2025, the Court entered a default judgment against Defendants and referred the matter to Judge Lehrburger for an inquest as to injunctive relief, attorneys' fees, and costs. *See* ECF Nos. 31-32. This referral resulted in two Reports and Recommendations. In the first, dated July 29, 2025, Judge Lehrburger recommended that the Court enter judgment against Defendants as follows:

[1] Familiarity with the facts, which are set forth in detail in Judge Lehrburger's Report and Recommendations, is assumed. *See* ECF No. 35; R&R.

> (1) Requiring that (i) Defendants submit to Plaintiff's counsel an architectural plan that remedies the Restaurant's entrance barriers within 90 days of the date of the Court's entry of judgment; (ii) Plaintiff have 30 days from receipt of Defendants' plan to consent or to seek further relief from the Court; and (iii) Defendants make the necessary alterations within 60 days of Plaintiff's consent or any ruling on Plaintiff's request for further relief. (2) Providing Plaintiff 180 days after the Court's entry of judgment to file a motion to tax costs and award reasonable attorney's fees, supported by a suitable attorney's declaration, a copy of fee statements/billing entries, and receipts for costs. (3) Directing Plaintiff to file a letter on the docket within two weeks of the entry of judgment stating whether Plaintiff intends to pursue his ADA claim relating to the Restaurant's service counter. (4) Denying Plaintiff's requests for [“post-dated checks for full payment” of the attorneys' fees associated with his prosecution of the action] and closing of the Restaurant pending remediation.

ECF No. 35 at 12-13. The Court adopted that Report and Recommendation in full on October 6, 2025. ECF No. 38. Because Plaintiff had requested “that the Court reserve ruling on attorney[s'] fees and allow[] [him] 180 days to finalize a motion,” ECF No. 29 at 8-9, the Court directed Plaintiff to, within 180 days, “file a motion to tax costs and award reasonable attorneys' fees, supported by a suitable attorney's declaration, a copy of fee statements/billing entries, and receipts for costs.” ECF No. 38 at 4. Plaintiff moved for attorneys' fees on January 15, 2026, seeking $8,715.50 in legal fees and $2,493.25 in costs. ECF No. 41 (Mot.) at 3.

On March 18, 2026, Judge Lehrburger issued a ten-page Report and Recommendation recommending that the Court award attorneys' fees in the amount of $6,912.50 and costs in the amount of $405. ECF No. 44 (R&R) at 5. The Report and Recommendation notified the parties

that they had "fourteen (14) days to file written objections." *Id.* at 9. The Report also cautioned that "**[f]ailure to file timely objections w[ould] result in a waiver of the right to object and w[ould] preclude appellate review**." *Id.* (emphasis in original). No party filed objections to the Report and Recommendation, nor has any extension of time to file objections been requested.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp*., No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Mktg., Inc*., No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc*., No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of the right to object" and would "preclude appellate review," R&R at 9, the parties did not file any objections to the Report and Recommendation. Thus, the parties waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where

parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Report and Recommendation is adopted in its entirety.

By **July 23, 2026**, Plaintiff shall serve this Order upon each Defendant and file proof of service on the docket.

The Clerk of Court is directed to close the case.[2]

---

[2] In his July 29, 2025 Report and Recommendation, Judge Lehrburger concluded that the Complaint "[did] not sufficiently allege the inaccessibility of the Restaurant's service counter" and recommended that Plaintiffs' ADA claim be "denied as to the service counter." ECF No. 35 at 10. Judge Lehrburger' Report and Recommendation further recommended that the Court "[d]irect[] Plaintiff to file a letter on the docket within two weeks of entry of judgment stating whether Plaintiff intends to pursue his ADA claim relating to the Restaurant's service counter." *Id*. at 13. On August 14, 2025, Plaintiff filed a letter stating that "it [wa]s his prerogative to continue the litigation for the remediation of the service counter" and that he "anticipate[d] filing an Amendment of pleadings after the Court ma[de] and enter[ed] its Judgment as to the Report and Recommendation" at ECF No. 35. ECF No. 37. On October 6, 2025, the Court issued an Order adopting Judge Lehrburger's Report and Recommendation in full and stated that, "[i]n light of Plaintiff's intention to file amended pleadings 'to continue the litigation for the remediation of the service counter,' . . . this case shall remain open." ECF No. 38 at 4. On October 8, 2025, the Clerk of Court entered default judgment. ECF No. 39; *see* Mot. ¶ 3 (acknowledging that "Final Default Judgment" had been "granted"). At no time did Plaintiff seek to file an amended pleading as to the service counter claims, apparently opting instead to proceed to the end of this action and pursue attorneys' fees. *See Murphy v. LaJaunie*, No. 13 Civ. 6503 (RJS), 2016 WL 11951738, at *4 n.1 (S.D.N.Y. Aug. 10, 2016) (entering default judgment and noting that "the Court [would] award attorney's fees to Plaintiffs in a single proceeding *at the close of the case*" (emphasis added)); *Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*, No. 11 Civ. 2375 (JSR), 2013 WL 1620567, at *2 (S.D.N.Y. Apr. 15, 2013) ("[T]he appropriate time to address the amount of the fees and costs to be awarded is at the end of all proceedings.").

SO ORDERED.

Dated: July 16, 2026
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge